# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LAKWESSIA FALLIN ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | CIVIL ACTION FILE NO.: |
| ) | |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | |
| ASSOCIATION, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.* THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

**COMES NOW,** LAKWESSIA FALLIN, (Plaintiff), and sues Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, INC., (Defendant), a National Bank, and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

### PARTIES

3. Plaintiff, LAKWESSIA FALLIN, ("FALLIN"), is a natural person and resident of Fulton County, State of Georgia, and is a "person" as that term is defined by 47 U.S.C. § 227(b)(1).

4. Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, INC., ("WELLS FARGO") is a corporation engaged in the business of banking, credit cards and collecting debts in Georgia, with its principal place of business located at 101 N. Phillips Ave., Sioux Falls, South Dakota 57104. WELLS FARGO is registered to do business in Georgia and may be served by and through its registered agent, Corporation Service Company, 40 Technology Pkwy, South, Ste. 300, Norcross, Georgia 30092.

5. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

6. FALLIN expressly communicated to WELLS FARGO to stop calling her.

7. WELLS FARGO'S communications set forth below are wholly

without excuse.

8. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

9. FALLIN is a former customer of WELLS FARGO.

10. WELLS FARGO made over 2000 calls on multiple days in multiple weeks over multiple months from 2013 through present (the "Calls") to FALLIN.

11. Defendant made multiple Calls to FALLIN's cellular telephone every week to solicit banking services.

12. Defendant made multiple Calls to FALLIN's cellular telephone every week after FALLIN told WELLS FARGO to stop calling her.

13. The telephone calls to FALLIN's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

14. The natural consequence of WELLS FARGO's illegal telephone calls to FALLIN's cellular telephone number was to harass, oppress or abuse the Plaintiff.

15. WELLS FARGO's telephone calls violate the Telephone Consumer

Protection Act.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et. seq.*

16. The Plaintiff hereby incorporates all of the above allegations as if specifically set forth verbatim herein.

17. WELLS FARGO, in the conduct of their business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with people.

18. Section 47 U.S.C. § 227(b)(J)(A)(iii) provides in pertinent part: It shall be unlawful for any person within the United States –

> (A) to make any call using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant: (1) made multiple calls on multiple days in multiple weeks over multiple months to FALLIN attempting to sell her banking services; (2) made multiple Calls to FALLIN's cell phone each week, for a total of more than two thousand

(2000) Calls to her cell phone after she told WELLS FARGO to stop calling her.

20. Defendant willfully, knowingly, and intentionally made thousands of Calls to FALLIN's personal cell phone utilizing an automatic telephone dialing system after FALLIN told WELLS FARGO that they did not have permission to call her.

21. All conditions precedent to this action have occurred, have been satisfied or have been waived.

22. As a result of the above violations of the TCPA, WELLS FARGO is liable to FALLIN for statutory damages in the amount of $500.00 as damages for each Call, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

23. Based upon the willful, knowingly, and intentional conduct of the WELLS FARGO as described herein, FALLIN is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this court to enter a judgment against the Defendant:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to

be insufficient;

    d)    That Plaintiff's case be tried before a Jury; and

    e)    That the Court grant such further and additional relief as is just and right under the circumstances.

Respectfully submitted this 13th day of February, 2015.

BEN F. WINDHAM, P.C.

_____/S/_____
Ben F. Windham
GA Bar No. 770195
Attorney for Plaintiff

3838 Highway 42
Locust Grove, Georgia 30248
(678) 565-8686
(678) 565-8949